UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT ELLINGTON, #621685,

       Plaintiff,                       CIVIL ACTION NO. 09-10895

     v.                                 DISTRICT JUDGE MARIANNE O. BATTANI

HUGH WOLFENBARGER,          MAGISTRATE JUDGE MARK A. RANDON
JOE SCOTT and JOHN DOE,

       Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING
DEFENDANTS' MOTION TO DISMISS (DKT. NO. 11) AND DENYING
MOTION FOR SUMMARY DISPOSITION (DKT. NO. 14) AS MOOT**

**1.  INTRODUCTION**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. § 1983, alleging that multiple defendants violated his constitutional rights.  Presently before the Court is the Motion to Dismiss of Defendants Joe Scott and Hugh Wolfenbarger (referred to collectively as "Defendants"). Defendants contend that Plaintiff's claims against them should be barred because he failed to properly exhaust his administrative remedies by filing an untimely and insufficient MDOC grievance.  Plaintiff has not filed a response to Defendants' motion.  For the reasons discussed below, it is recommended that Defendants' Motion to Dismiss (Dkt. No. 11) be GRANTED.

Furthermore, after the filing of the Motion to Dismiss, Defendants also filed a Motion for Summary Judgment. Without consideration on the merits, it is also recommended that the Motion for Summary Judgment (Dkt. No. 14) be DENIED as moot. Last, it is recommended that the four remaining unnamed and unserved defendants be DISMISSED without prejudice.

## 2.  FACTUAL BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff, Albert Ellington, is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan ("MCF"). He complains that on August 5, 2008, he was injured after another inmate hit him in the face with a clothing iron that was freely available for use by prisoners, yet unsecured. (Dkt. No. 1)  Plaintiff maintains that the conduct of Defendants, and four unnamed staff members at MCF, in ignoring the potential danger posed by this unsecured iron, violated his Eighth Amendment rights.  (*Id.*)  As a result, Plaintiff seeks a declaratory judgment, and compensatory and punitive damages for the physical injuries he sustained.  (*Id.*)

### B.  The MDOC's Grievance Procedure

The MDOC provides prisoners with a method of seeking redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement.  The grievance procedure and applicable rules are set forth in MDOC Policy Directive 03.02.130 ("the Policy") (Dkt. No. 11, Ex. A).  The Policy was last updated on March 5, 2007, and became effective for all grievances, including Plaintiff's, filed after July 9, 2007.

The Policy outlines a three-step written grievance procedure.  Prior to filing a grievance at Step I, a prisoner is generally required to seek an informal resolution of the issue with the staff

member involved. A prisoner may file a grievance at the next step if he is dissatisfied with the response received at the previous step, or if a timely response is not received. The Policy requires prisoners to adhere to the following deadlines and directions with respect to the filing of grievances:

> P. Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved *within two business* days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration. If the complaint is not resolved, the grievant may file a Step I grievance. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with staff.
> \* \* \*
> R. A grievant shall use the Prisoner/Parolee Grievance form (CSJ-247A) to file a Step I grievance; a Prisoner/Parolee Grievance Appeal form (CSJ247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter however, handwriting must be legible. The issues shall be stated briefly but concisely. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.
> \* \* \*
> V. *Within five business days after attempting to resolve a grievable issue with staff*, a grievant may send a completed Prisoner/Parolee Grievance form (CSJ-247A) to the Step I Grievance Coordinator designated for the facility, field office or other office being grieved.

(Emphasis added)(Dkt. No. 11, Exhibit A)

**C.      Plaintiff's Grievance**

Plaintiff filed a single grievance in connection with the allegations made in his Complaint. In Grievance MRF 08-10-0 I0900-28E, filed on October 16, 2008 (the "Grievance")

(Dkt. No.1, p. 6), Plaintiff complained about being attacked with a clothing iron and alleged that "Housing Unit C.O.'s, ARUS's, ARUM, ADW of Housing, and the Warden of MRF were negligent, careless, and deliberately indifferent to prisoner safety by failing to act reasonably in response to the obvious danger of an unsecured iron." Although the individuals involved were identified by position, they were not named. The Grievance was rejected at Step I as untimely, because it was filed more than two months after the date of the incident, which Plaintiff stated happened on August 5, 2008.

### 3. ANALYSIS

**A.    The Effect of Plaintiff's Failure to Respond to Defendants' Motion to Dismiss[1]**

Local Rule 7.1 (b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, No. 90-1850, slip op. at 1-2 (6th Cir. Oct. 9, 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

On May 19, 2009, Defendants filed the instant motion to dismiss. (Dkt. No. 11) On that same date, Magistrate Judge Komives ordered Plaintiff to file a response to the motion on or

---

[1]On August 3, 2009, Plaintiff did file a response to the Defendants' Motion for Summary Judgment. (Dkt. No. 20) However, the response failed to address the issue of administrative exhaustion at issue in Defendants' Motion to Dismiss.

- 4 -

before June 30, 2009. (Dkt. No. 12) To date, however, Plaintiff has not filed a response to the motion to dismiss. Therefore, Defendants' motion may be deemed unopposed. *Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328, 2008 WL 2080512 (6th Cir., May 15, 2008). Notwithstanding the lack of opposition, Defendants' motion is still well-taken in light of the analysis set forth below.

**B.     Standard of Review**

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266 (1994). However, prisoner suits, alleging constitutional deprivations while incarcerated, are subject to the additional prerequisite of satisfying the administrative exhaustion requirements of 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

**C.     The Prison Litigation Reform Act**

Under the Prisoner Litigation Reform Act ("PLRA"), a prison inmate cannot bring a civil rights action challenging prison conditions until "such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a). Specifically, a prisoner must follow the state corrections system's grievance procedure and properly exhaust all administrative remedies before filing an action in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Proper exhaustion includes "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. As the court in *Woodford* explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction.... *for example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process*; the prisoner could easily achieve this by violating other procedural rules until the prison administration had no alternative but to dismiss the grievance on procedural grounds. *We are confident that the PLRA did not create such a toothless scheme*.

(Emphasis added) *Id*. at 95. Therefore, an untimely or otherwise improper grievance does not fulfill the PLRA exhaustion requirement. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoners specifically plead exhaustion in their complaints. However, like the instant motion, failure to exhaust may still be raised as an affirmative defense. *Id*. at 216.

### 1.     Plaintiff's Failure to Timely File the Grievance was a Violation of the Policy

On its face, the Grievance was not filed on time. The Grievance lists the date of the incident as August 5, 2008. Therefore, even assuming Plaintiff attempted to resolve the issue informally, his step I grievance was required to be filed by August 14, 2008 (seven business days later). Plaintiff did not file the Grievance until October 16, 2008, more than 60 days later. He was notified by an MCF Administrative Assistant that the Grievance was untimely on October 22, 2008. The Grievance did not offer any justification for the delay, and Plaintiff's lack of response to the instant motion suggests that he does not oppose the MCF's determination of untimeliness. Accordingly, Plaintiff's should not be permitted to advance his claims in federal court by circumventing the Policy, and Defendants' motion should be granted on this ground. *Woodford*, 548 U.S. at 95.

The more difficult issue of whether the Grievance, which identified Defendants by position but failed to name them, satisfies the Policy need not be addressed.[2] As discussed above, the Grievance was clearly untimely and precludes this action.

### D.    The Unserved and Unnamed Defendants Should be Dismissed

As to the remaining John Doe defendants, I recommend that they be dismissed without prejudice. In general, "the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F.Supp.2d 1085, 1093 (W.D.Mich.2001). "An inmate who brings a

---

[2] It should be noted that while the Policy requires individuals involved in the grievance to be "named," an argument can be made that "naming their position" is sufficient. This is sufficient to place the prison on notice of the individuals involved, providing adequate opportunity to resolve the issue administratively. *Woodford*, 548 at 89.

civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06-10934, 2007 WL 2421422, *2 (E.D.Mich. Aug.23, 2007), citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D.Mass.1994). Under Fed. R. Civ. P. 4(m), defendants must be served within 120 days of filing the complaint. Here, Plaintiff has failed to identify or serve the John Doe defendants and this case has been pending for over 120 days (since March 10, 2009); thus, I recommend that the unnamed Defendants be dismissed without prejudice. *Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, *1 (E.D. Mich. July 29, 2005), citing *Awdish v. Pappas*, 159 F.Supp.2d 672, 673, n. 1 (E.D. Mich.2001), and *Johnson v. City of Ecorse*, 137 F.Supp.2d 886, 892 (E.D. Mich.2001). This Report will serve as notice to Plaintiff under Rule 4(m).

### 4. RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that the Defendants' Motion to Dismiss (Dkt. No. 11) be GRANTED and that Defendants' Motion for Summary Judgment (Dkt. No. 14) be DENIED as moot. IT IS FURTHER RECOMMENDED that the four remaining unserved and unnamed defendants be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  August 21, 2009

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 21, 2009, by electronic and/or first class U.S. mail.

s/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon