UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT ELLINGTON,

        Plaintiff,

v.

HUGH WOLFENBARGER, JOE SCOTT,
and FOUR UNNAMED DEFENDANTS,

        Defendants.

                                            /

Case Number: 09-10895

HON. MARIANNE O. BATTANI

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING DEFENDANTS' MOTION TO DISMISS, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiff Albert Ellington's Objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 22). The Magistrate Judge's R&R recommends that this Court grant the named Defendants' Motion to Dismiss, deny as moot their Motion for Summary Judgment, and dismiss without prejudice the four remaining unnamed and unserved defendants. (Doc. 21 at 1-2). For the reasons discussed below, the Court rejects the Magistrate Judge's R&R, denies Defendants' Motion to Dismiss, and grants Defendants' Motion for Summary Judgment.

### I. STATEMENT OF FACTS

On August 5, 2008, Ellington, a prisoner confined at the Macomb Correctional Facility, was struck in the head with an unsecured clothing iron by another inmate. Ellington was taken to Henry Ford Hospital where he was treated for a broken nose and

nasal and scalp lacerations. According to the affidavit of William H. Wolfenbarger, the Warden at the Macomb Correctional Facility, clothing irons have been available in the quiet room for each housing unit since 1996. To Wolfenbarger's knowledge Ellington is the first prisoner to ever have been assaulted by another prisoner with one of the clothing irons.

Ellington, proceeding *pro se*, filed this civil rights suit in March 2009 against Wolfenbarger, Joe Scott, the Assistant Deputy Warden of Housing, and four unnamed defendants.[1] He indicated that he was suing Defendants only in their official capacities and claimed that their acts of leaving the iron unsecured constituted a violation of his rights under the Eight Amendment to the United States Constitution. He requested $100,000 in compensatory damages and $20,000 in punitive damages.

## II.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to

---

[1] Ellington's complaint identified the four unnamed defendants as the Assistant Resident Unit Manager, the Assistant Resident Unit Supervisor, a Resident Unit Officer I, and a Resident Unit Officer II.

2

"insure[ ] that the district judge would be the final arbiter" of a matter referred to a Magistrate Judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

In addition, the Court notes that *pro se* pleadings, such as Ellington's, are to be liberally construed. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992).

### III.    ANALYSIS

Ellington has offered three objections to the R&R. First, he contends that the Magistrate Judge improperly filed the R&R before the expiration of the time in which he was permitted to file a response to Defendants' Motion to Dismiss. Second, he contends that the R&R's statement that he did not respond to Defendants' Motion to Dismiss is not true because he mailed a response, and it appears to have been lost in the mail. Third, he asserts that the R&R failed to address his motion to amend.

#### A.    Timing of the Filing of the R&R

Ellington contends that the Magistrate Judge improperly entered the R&R ten days before the August 31, 2009, deadline for responding the Defendants' Motion to Dismiss. As an initial matter, August 31, 2009, was the deadline for Ellington's response to Defendants' Motion for Summary Judgment, not for Ellington's response to Defendants' Motion to Dismiss. (See doc. 19). Ellington was not prejudiced by the filing of the R&R ten days before the deadline because Ellington had already filed a response to Defendants' Motion for Summary Judgment on August 3, 2009. (See doc. 20). Accordingly, this objection fails.

#### B.    Ellington's Allegedly Lost Response to Defendants' Motion to Dismiss

Ellington claims that he mailed a response to Defendants' Motion to Dismiss, but that it must have been lost in the mail. Because Ellington has included in his objections the issues that he claims to have raised in his lost response, the Court will address those issues and alleviate any possible prejudice. Ellington claims that his complaint should not be dismissed for failure to timely exhaust administrative remedies because he could not have exhausted his administrative remedies on time for four reasons. In particular, he contends that (1) due to the injuries he suffered as a result of the events giving rise to his grievance, "[i]t took some time to regain his bearings"; (2) the facility either ran out of copies of the required grievance form or did not make the forms available to him when he needed to file his grievance; (3) he had difficulties identifying and obtaining the names of the defendants; and (4) he is an illiterate immigrant who had to rely on other prisoners to assist him with preparing and submitting the grievance form.

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true." Allard, 991 F.2d at 1240.

The exhaustion provision of the Prison Litigation Reform Act of 1995 ("PLRA"), states,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

> jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Congress imposed this exhaustion requirement both to give corrections officials the opportunity to address complaints internally and to reduce the quantity and improve the quality of prisoner suits in federal court. Woodford v. Ngo, 548 U.S. 81, 93-95 (2006). The U.S. Supreme Court has held that the administrative remedies must be properly exhausted, which "demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90, 93. In addition, a prisoner's failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Vandiver v. Correctional Med. Servs., Inc., 326 Fed. Appx. 885, 888 (6th Cir. 2009).

In light of Ellington's claim that his grievance was untimely because the administrative remedies were not available to him on account of, among other things, his physical injuries, the Court finds that Defendants have not carried their burden of showing that they are entitled to dismissal on the pleadings. See 42 U.S.C. § 1997e(a); Braswell v. Corrections Corp. of America, No. 3:08-0691, 2009 WL 2447614 at *8 (M.D. Tenn. Aug. 10, 2009) (indicating that a prisoner's mental illness could render administrative remedies unavailable and citing Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003), overruled by implication on other grounds by Jones v. Bock, 549 U.S. 199, 216 (2007)). Accordingly, the Court rejects the Magistrate Judge's recommendation and denies Defendants' Motion to Dismiss. As such, Defendants' Motion for Summary Judgment is no longer moot, and the Court will address it.

    C.    Ellington's Request to Amend

In his final objection to the Magistrate Judge's R&R, Ellington states that the Magistrate Judge erred by failing to acknowledge his motion to amend. A review of the docket sheet in this case, however, reveals that Ellington has never filed a motion to amend. Ellington states that he wishes to amend his complaint to sue Defendants in their individual capacities, instead of in their official capacities as he originally indicated in his complaint.

In general, courts will "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "However, leave to amend may be denied where the amendment would be futile." Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003). As will be shown in the analysis of Defendants' Motion for Summary Judgment, Ellington has failed to state an Eighth Amendment claim against Defendants, whether it be in their individual or official capacities. Accordingly, even if Ellington had filed the motion to amend, his request would be denied as futile.

### D. Defendants' Motion for Summary Judgment

In their Motion for Summary Judgment, Defendants argue that Ellington's claim that his Eighth Amendment rights were violated fails for four reasons: (1) Ellington has not shown that Defendants were deliberately indifferent to a serious need; (2) Ellington has not shown that each Defendant was personally involved in the alleged constitutional violation; (3) Ellington's official capacity claims are barred by Eleventh Amendment immunity; and (4) Ellington's individual capacity claims are barred by qualified immunity. For the reasons discussed below, the Court grants Defendants Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). At the summary judgment stage, the opposing party must do more than rely upon the allegations contained in his pleadings. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Instead, there must be evidence upon which a reasonable jury could return a verdict for the nonmoving party. Id.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the violation of a constitutional right, and (2) show that the violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Such conduct violates the Eighth Amendment when it is both sufficiently serious, and when the prison officials are deliberately indifferent to the inmate's health or safety. Id. at 834.

"Deliberate indifference" has both an objective and a subjective component. Perez v. Oakland County, 466 F.3d 416, 423 (6th Cir. 2006). In order to establish the subjective component, the plaintiff must present evidence that the prison official was

7

subjectively aware of, and disregarded, the risk of harm to the prisoner. Id. at 424. In other words,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842. But, a prison official who was not aware of a substantial risk of harm may not be held liable under the Eighth Amendment, even if the risk was obvious and a reasonable official would have noticed it. Id. at 841-42.

Ellington argues that Defendants were deliberately indifferent because they allowed the clothing iron — a potential weapon — to be unsecured in Ellington's housing unit despite the fact that the housing unit had a history of prisoner's using blunt objects to attack other prisoners.

In order to survive a motion for summary judgment, the opposing party must show that there is sufficient *evidence* upon which a reasonable jury could return a verdict in his favor. See Banks, 330 F.3d at 892. Ellington's allegations concerning the violent nature of his housing unit are unsupported by any evidence and, therefore, are insufficient to survive a motion for summary judgment. Furthermore, Defendants have submitted evidence – in the form of Wolfenberger's affidavit – indicating that the attack on Ellington was the first incident where the clothing iron was used as a weapon in the

8

12 years since the irons were installed in the prison.  As already discussed, Ellington has presented no evidence indicating either that the clothing irons actually have been used for attacks previously or that Defendants should have been aware of a substantial risk of an attack with the clothing irons despite the fact that they had not been used in an attack in 12 years.  See Rider v. Werholtz, 548 F.Supp.2d 1188, 1201 (D. Kan. 2008) (finding plaintiff failed to show that defendants were deliberately indifferent to the alleged need for a new prison policy to avoid prisoner attacks when, among other things, the previous policy had been in place for 20 years without any apparent need for change).  As Ellington has presented no evidence indicating that Defendants were subjectively aware of a substantial risk posed by the clothing irons, there is not a genuine dispute of fact regarding this material element of Ellington's Eighth Amendment claim.  See Farmer, 511 U.S. at 841-42.

**IV.    CONCLUSION**

Accordingly, the Court rejects the Magistrate Judge's R&R, denies Defendants' Motion to Dismiss, and grants Defendants' Motion for Summary Judgment.

                            s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE

Dated: March 10, 2010

**CERTIFICATE OF SERVICE**

      Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

                                        s/Bernadette M. Thebolt
                                        Case Manager